## TOWN OF YADKIN COLLEGE v. STATE HIGHWAY COMMISSION.

### (Filed 25 June, 1927.)

**Highways—Roads and Highways—State Highway Commission—Principal Towns—Consent—Unimportant Changes of Route—Injunction.**

The provisions of the State Highway Act, ch. 46, Public Laws of 1927, required the consent of the street-governing body of the town for the State Highway Commission to change a highway connecting county-seats, by the express provisions of the act apply to county-seats and principal towns along the existing route, and not to such towns as do not come within the intent and meaning of the words "important towns," and where, in the exercise of its discretion, the State Highway Commission has not made a radical change, but a slight change to reduce the cost of construction of an existing route, the consent of an unimportant town is unnecessary, and having acted within the powers conferred, the act of the State Highway Commission therein, having previously posted the notices at the proper county-seat, etc., as the statute requires, and without valid objection, may not be enjoined.

CIVIL ACTION heard before *H. Hoyle Sink, Special Judge,* 13 May, 1927.

The plaintiff instituted an action to restrain the defendant from abandoning a portion of highway No. 75 between Lexington, the county-seat of Davidson County, and Mocksville, the county-seat of Davie

County. The road formerly used as the route of travel between said county-seats passed through Yadkin College, a village in Davidson County. The defendant, in order to shorten the alignment of said road, proposed to divert the road some distance east of Yadkin College, re-entering the present highway to Mocksville at Fork Church. The present road is shown on the map filed in the cause and designated as the yellow or northern route. The proposed road is shown in red and is the southern route.

The findings of fact and judgment are as follows:

This cause coming on to be heard before me at chambers at Lexington, N. C., on 13 May, 1927, upon notice to show cause issued by Hon. John M. Oglesby, the judge of the Superior Court presiding over the courts of the Twelfth Judicial District, which notice to show cause was made returnable before the said Hon. John M. Oglesby on Wednesday, 11 May, 1927, later being set before me to be heard at 10:30 a.m., 13 May, 1927, in Lexington, N. C., which latter agreement was signed by the attorneys for the plaintiff and defendant, and approved by Judge John M. Oglesby, presiding over the courts of the Twelfth Judicial District.

The original order was to show cause, if any, why the defendant, State Highway Commission, should not be restrained from abandoning highway, route No. 75 (indicated by yellow line on map filed as Exhibit A) where it passes through the town of Yadkin College, in Davidson County, and why it should not be restrained from building the road and bridge on the proposed new part of said route No. 75 (on the line indicated in red on a map filed as Exhibit A). All the parties in interest being represented by counsel, and after full and careful consideration of the pleadings and affidavits and exhibits offered, as well as the argument of counsel, the court finds as follows:

1. That two routes were surveyed for the location of the road from a point approximately one and one-half miles east of Yadkin College, in Davidson County, to Fork Church, in Davie County. The northern route is indicated on the map, defendant's Exhibit A, by a yellow line; the southern route is indicated on the map, defendant's Exhibit A, by a red line. The yellow line indicates generally the route followed by the old road known as highway No. 75, leading through Yadkin College. The red line indicates the proposed new route from a point one and one-half miles east of Yadkin College to Fork Church in Davie County.

The yellow line indicates generally the route shown on a map found at page 56, ch. 2, of the Public Laws of 1921, entitled, "Map of North Carolina State Highway System." The route indicated by the yellow line was taken over from Davidson and Davie counties subsequent to 1921, and has since that time been maintained as a part of route No.

75 of the State Highway System. Between the two points above named the route indicated by the red line is approximately one mile shorter than the route indicated by the yellow line or the route originally accepted by the State Highway Commission.

2. Yadkin College is not shown on the highway map above referred to.

3. That the route indicated by the yellow line locally referred to as the Fulton's Ferry route crosses two creeks and covers a distance one mile greater than the red or Oakes' Ferry route, making the former or Fulton's Ferry route cost $84,860 more than the red or Oakes' Ferry route, said figures being estimate made by the State Highway Commission after protest had been filed by citizens of Yadkin College and citizens of Davie County when the bridge was first located at the lower route under an act of the 1925 General Assembly, providing that the bridge be built at such location and of such type as the State Highway Commission may approve in connection with State Highway No. 75, connecting the county-seats of Lexington and Mocksville. This act of the 1925 General Assembly provided that the counties of Davidson and Davie might advance the money for the building of the bridge. After hearing complaints filed and after making additional surveys and estimates of comparative cost and finding that the red or Oakes' Ferry route would cross only one creek, save one mile in distance and result in a saving of $84,860, the Highway Commission determined upon the lower route. By reason of the failure of Davie County to appropriate or advance its share of the funds the bridge was not begun until March, 1927. The State Highway Commission, however, and this is admitted, has steadfastly contended that the red or Oakes' Ferry route was the proper location and the one settled upon by it prior to 1927.

4. That the road governing body of Davie County protested the changed location, and was overruled, after due notice, and a formal hearing before a committee of the State Highway Commission, in accordance with chapter 46 of the 1927 Highway Act. The road governing body of Davidson County filed no objections.

5. The section of Highway No. 75, from Lexington to Mocksville is in the heart of industrial North Carolina, and will unquestionably receive exceptionally heavy traffic upon the completion of the river bridge. The natural and direct course for it to follow is the red, or Oakes' Ferry route.

6. Yadkin College was incorporated under the laws of 1874-1875, chapter 78. It has connected with it a history that lends credit not alone to the school that gave it its name, but to the county of which it is a part. The roads and streets of said town, under the laws providing for its incorporation, were placed under a board of commissioners. It does not provide that its mayor shall have authority over its roads or

streets. Ed. L. Green, the plaintiff in this cause, was elected mayor of Yadkin College in the year 1898. It is admitted by the plaintiff that no election was held from that time until 2 May, 1927, at which time the said Ed. L. Green was again elected mayor. This the court finds as a fact.

The court further finds that Yadkin College exercised none of the privileges, prerogatives or authority common to municipalities during a period of approximately twenty-eight years. The court finds as a fact that Yadkin College is an incorporated town by reason of the principle that a municipality cannot forfeit its charter by reason of non-usage. The town of Yadkin College has a population of approximately 100 people with a postoffice and no substantial industries. The commissioners of said town, who are clothed with authority over streets and roads, have made no protest or record against the proposed change in route No. 75, and are not parties to this action, which is the subject of this litigation. The only protest being filed is that of Ed. L. Green, mayor of Yadkin College.

At the hearing attorneys for A. M. Brooks and Thomas J. Byerly moved to be admitted as parties plaintiff, which motion the court overruled, and to which order said parties excepted (accepted) (under section 7 of the State Highway Act of 1927, which provides that only the road governing bodies of counties and municipalities are permitted to maintain actions against the State Highway Commission relative to locations).

7. The court finds as a fact that Yadkin College, although an incorporated town, is not a principal town as contemplated in section 2, chapter 46, of the Public Laws of 1927.

8. That the location of the section of road between Lexington and Mocksville, on route No. 75, had been definitely located on the red or Oakes' Ferry route prior to the enactment of chapter 46 of the Public Laws of 1927, and therefore the red or Oakes' Ferry route was confirmed by section 6 of said chapter 46 of the Public Laws of 1927.

The court therefore refuses the motion for restraining order and dismisses the action of the plaintiff.

*Walser & Walser and Z. I. Walser for plaintiff.*
*Raper & Raper and Assistant Attorney-General Ross for defendant.*

BROGDEN, J. From the findings of fact and the evidence in the cause, it appears that there was an existing road between Lexington, the county-seat of Davidson County, and Mocksville, the county-seat of Davie County. This road passed through the village of Yadkin College. The defendant proposed to shorten the alignment of said road by construct-

ing the road along a new location, which leaves the present road some distance east of Yadkin College and reënters the present road at Fork Church. In effect the proposed change or shortening of the line eliminates a loop in the present road, and also eliminates certain alleged expensive creek crossings. The plaintiff contends that the defendant has no power to make this change in the line of the road.

Yadkin College is not shown on the legislative map attached to the Act of 1921. There is no allegation, evidence, or finding of fact, that the defendant mapped this particular road and posted it at the courthouse door in Davidson County. It is further found as a fact, and this finding is supported by the evidence, that Yadkin College is not a principal town as contemplated by the statute. It also appears that the extent of the contemplated change is a mere shortening of the alignment of the highway, and that the departure between the proposed line and the present highway varies from nothing to perhaps seven or eight thousand feet. Under the particular facts and circumstances disclosed in the record this would not be such a radical departure as condemned in the *Newton* and *Carlyle cases.* Indeed, the principle announced by *Connor, J.,* in *Johnson v. Highway Commission,* 192 N. C., 561, is decisive of this case upon the facts disclosed in the record, if the proposed change in the road was made under the Act of 1921.

It appears from the record that the defendant posted a map at the courthouse door in Davidson County and in Davie County, showing the proposed changes in accordance with the provisions of chapter 46 of the Public Laws of 1927. All changes authorized by chapter 46 of the Public Laws of 1927 were subject to the provisions of sections 3 and 4 of said act. Section 3 of the act provides that the number of highways entering the corporate limits of a county-seat or principal town "now served by the State Highway Commission shall not be reduced without the consent of the street governing body of said town." The Court held in *Carlyle v. Highway Commission,* 193 N. C., p. 36, that the defendant was without power to reduce the service of the system to a county-seat "by destroying and consolidating a separate and independent link or connection by which that service is to be delivered to the county-seat." However, it appears in this case that the plaintiff is not a principal town as contemplated by the statute, and hence the defendant was under no obligation to procure the consent of the street governing body thereof.

Again, plaintiff contends that it is "immediately effected," as defined by section 2 of said chapter 46, by the change in the route of the road proposed by the defendant. The pertinent clause of section 2 is as follows: "Any county-seat or principal town shall be deemed 'immediately effected' if the proposed change or alteration shall enter or leave said town by streets other than those used for such purposes prior to the

proposed change." But it will be observed that the application of the principle assumes the existence of a principal town or county-seat, and Yadkin College is neither.

We hold, therefore, that the plaintiff is not entitled to the relief requested, and the judgment rendered by the trial judge is

Affirmed.